745 So.2d 1123 (1999)
Alejandro H. GUZMAN, et al., Appellants,
v.
TOYOTA MOTOR CREDIT CORPORATION, etc., Appellee.
No. 99-929.
District Court of Appeal of Florida, Fifth District.
December 10, 1999.
William H. Davis of Giles & Robinson, P.A., Orlando, for Appellants.
*1124 Douglas B. Brown and Richard S. Geller of Rumberger, Kirk & Caldwell, Orlando, for Appellee.
COBB, J.
The appellant, Alejandro Guzman, allegedly was the victim of an impersonator who, using Guzman's name and social security number, obtained various loans and credit accounts in Connecticut. Among these transactions was the purchase in Manchester, Connecticut, of a new Toyota vehicle that entailed a loan of $28,672.21 from Toyota Motor Credit Corporation (TMCC) in September, 1995.
In the latter part of 1995, Guzman allegedly discovered the theft of his identity and, over a period of a year and a half, eventually cleared his name with the creditors owed money under these bogus accountswith the exception of TMCC. Strangely enough, the TMCC account was kept current, even after Guzman reported the fraud, until sometime in 1997. After the default, TMCC pursued Guzman, a resident of Orlando, Florida, and eventually filed an action for replevin and damages against him. TMCC ultimately dismissed the action four days before a scheduled summary judgment hearing.
Thereafter the instant action was initiated by the Guzman family against TMCC for malicious prosecution (Count II) and abuse of process (Count IV),[1] resulting in the defense summary judgment herein appealed. The rationale for entry of that judgment was thoughtfully expressed by the trial court in its order:
If the credit company drifted over the line from legitimate collection practices against that one and only person they can find who has the name, birth date and social security number of the debtor, when was it? All of the collection methods used were the usual initial steps in a routine debt collection using only standard civil procedures.
* * *
To hold otherwise would mean the law of Florida puts creditors at risk in routine, noninvasive, noncriminal collection practices to attempt to locate and verify the identity of a debtor. It would put creditors and the attorneys who represent them in a "catch 22" dilemma if when they have located the debtor and identified him by name, birth date and social security number, they must hold off on collection when the subject denies being the debtor. Creditors and attorneys should be entitled to file suit, follow due process rules, get the subject under oath and do some initial discovery before writing off a very substantial debt.
We share the trial court's concern and acknowledge the difficulty faced by the creditor in this rather unique circumstance. We must ultimately agree, however, with Guzman's argument that entry of summary judgment in this action was premature and was based on the trial court's resolution of genuine factual issues: (1) determining that the actions of TMCC in filing suit without further investigation was reasonable as a matter of law; (2) determining as a matter of law that TMCC's voluntary dismissal of its action against Guzman was not a bona fide termination in the latter's favor; and (3) in determining that TMCC acted in the usual and customary manner as a creditor in a typical collection case.
Accordingly, we reverse the partial summary judgment as to Counts II and IV and remand for further proceedings.
REVERSED AND REMANDED.
ANTOON, C.J. and DAUKSCH, J., concur.
NOTES
[1] Guzman also claimed there was a violation of Florida's Consumer Collection Practices Act (Count I) and invasion of privacy (Count III). The complaint was later amended to drop these two claims.